**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-02870-MIS-JHR

MELANIE RHODES and
LEGAL GROUP LLC dba AND JUSTICE LAW,

Defendants.

**ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, asserted claims for deprivation of civil rights and conspiracy pursuant to 42 U.S.C. § 1983, claims pursuant to federal criminal statutes and claims pursuant to state law for malicious abuse of process, defamation, violation of the New Mexico Civil Rights Act and fraud based on Defendants' acts in a state-court case. *See* Civil Rights Compl. Pursuant to 42 U.S.C. § 1983 at 7, ECF No. 1 ("Complaint"). Defendants "represented Husband of Plaintiff in a State Court Case No. D-307-DM-2021-0043 for Violence and Open a New Case to cause an interference and Obstruction of any Jurisdiction or Arrest to 'Participant and Leader of a Criminal act of Violence Cale Robertson' Case No. D-307-DM-2021-00100." [sic] *Id.* at 9; *see also Belinda Robertson v. Cale Robertson*, No. D-307-DM-202100100, Third Jud. Dist. Ct., Cnty. of Doña Ana, State of New Mexico (divorce with custody).

United States Magistrate Judge Jerry H. Ritter notified Plaintiff of the following deficiencies in the Complaint:

(i) The Complaint fails to state a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendants Rhodes and Legal Group LLC were acting under color of state law.

(ii) The Complaint fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983 because Plaintiff has not alleged specific facts showing that Defendants agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal.

(iii) The Complaint fails to state claims pursuant to the following criminal statutes because criminal statutes do not provide for private civil causes of action.

*See* Order to Show Cause at 3-4, ECF No. 6. Judge Ritter ordered Plaintiff to file an amended complaint and notified Plaintiff the amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Id.* at 4-6 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed a response to the Order to Show Cause and an Amended Complaint combined in one document, some of which is difficult to understand. *See* Amendment Show Cause [sic], ECF No. 7 ("Amended Complaint"). Plaintiff asserts claims for: (i) deprivation of rights and conspiracy pursuant to 42 U.S.C. § 1983; (ii) violations of federal criminal statutes; and (iii) defamation and fraud pursuant to New Mexico law. *See id.* at 9. The Court dismisses this case for the following reasons.

The Amended Complaint fails to state claims for deprivation of rights pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*,

814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants Rhodes and Legal Group LLC were acting under color of state law. *See DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).

The Amended Complaint also fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983. To state a Section 1983 conspiracy claim, a plaintiff must allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). Plaintiff makes vague, conclusory allegations that Defendants conspired with others. *See* Am. Comp. at 4-5 (stating "The Court Needs to Review . . . Conspiracy [and] Evidence of Conspiracy"); at 8 (stating Defendants "Defended a Criminal and Participate in a Criminal Act Conspiratory, with Client 'One of The Parties in case'"). Plaintiff has not, however, alleged specific facts showing that Defendants agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal. Allegations that Defendants represented Plaintiff's husband in state-court proceedings resulting in rulings unfavorable to Plaintiff are not sufficient. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

The Amended Complaint fails to state claims pursuant to 18 U.S.C. § 371, for conspiracy to commit an offense or to defraud the United States, 18 U.S.C. § 1028, fraud and related activity in connection with identification documents, authentication features, and information, and

18 U.S.C. § 1621(a), perjury generally. Sections 371, 1028 and 1621(a) are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

It appears Plaintiff may be seeking relief from the judgment and/or orders in the state-court case. Plaintiff states that Federal Rule of Civil Procedure 60 and New Mexico Rule 60 "allows for Relief if a judgment is void . . . [or] for any other Reason that justifies relief" and refers to her underlying divorce case and the "Final Order of Dissolution on October 20, 2025." Am. Compl. at 7. New Mexico Rule of Civil Procedure 1-060.B allows *the state district court* to relieve a party from a state-court judgment based on, among other things, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence and fraud. *See* N.M.R.A. 1-060.B. Federal Rule of Civil Procedure 60(b) similarly allows United States District Courts to relieve a party from a final judgment or order *entered in federal court* for several reasons. *See* Fed. R. Civ. P. 60(b). Neither New Mexico Rule of Civil Procedure 1-060.B nor Federal Rule of Civil Procedure 60(b) allow this United States Court to relieve a party of a state-court judgment or order.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE